# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DERON MCCOY, JR.,

                      **Plaintiff,**

        v.                               **CASE NO. 16-3239-SAC-DJW**

KANSAS DEPARTMENT OF
CORRECTIONS, et al.,

                      **Defendants.**


## MEMORANDUM AND ORDER FOR *MARTINEZ* REPORT

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Mr. McCoy alleges that his Eighth Amendment rights were violated when members of the Special Operations Response Team ("SORT") used excessive force against him during a shakedown of his cell at the Lansing Correctional Facility ("LCF") on January 21, 2016.

According to Plaintiff, he was lying on his bed in his cell with the light out. He heard his cell door open and saw figures entering but could not tell who they were in the darkness. When the light came on, the first thing he noticed was "a hand with a[n] object in it coming at me." He got up off the bed and saw

the hand with the object moving toward him in an upward thrusting motion. It appeared to Mr. McCoy that the person intended to stab him with the object. He instinctively grabbed the object without making any contact with the person holding it and threw the object out of the immediate vicinity.

At that point, Plaintiff saw that Defendant Mosher had been holding the object and that Defendants McCurrie and Acker were with him. Once he was able to identify the people who entered his cell, he submitted to their order to get on the ground and put his hands behind his back. While Plaintiff was lying on the ground, Defendant McCurrie "knee dropped" onto Plaintiff's jaw, causing his forehead to strike the cement floor of the cell. He felt legs wrap around his neck, and he felt his arms being pushed up at an unnatural angle causing him "extreme pain." Plaintiff heard Defendant McCurrie say, "Just break it" referring to Plaintiff's arms or wrist and realized Defendant McCurrie was the person applying the leg lock chokehold. Plaintiff lost consciousness. When he regained consciousness, he was standing with his arms handcuffed behind him with Defendant McCurrie in front of him and Defendants Mosher and Acker behind holding his arms.

Mr. McCoy was then taken to the LCF medical clinic for evaluation and moved to restrictive housing. He alleges he suffered injury to a previously injured shoulder, had a knot and

bruising on his forehead, and cuts and marks on his neck and wrists. Plaintiff further alleges he was told that Defendants McCurrie, Mosher and Acker "ran into [his] cell by accident and was looking for 'Jason McCoy' who was in cell 450 A-2 cellhouse directly above cell 350 (the cell [Plaintiff] lived in)." Doc. #1, p. 6.

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the Lansing Correctional Facility. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Accordingly, the Court orders the appropriate officials of LCF to prepare and file a *Martinez* report. Once the report and Defendants' answers have been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

The Court notes that the Kansas Department of Corrections is not a proper party as it is a state agency entitled to Eleventh Amendment immunity and is not a "person" subject to suit under § 1983. *See Blackburn v. Dep't of Corr.*, 172 F.3d 62, *1 (Table) (10th Cir. 1999) (unpublished); *citing Buchwald v. University of New Mexico School of Medicine,* 159 F.3d 487, 494 n. 3 (10th Cir. 1998); and *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70-71 (1989). However, it is an interested party for the purpose of preparing the *Martinez* report ordered

herein. Upon the filing of that report, the Department of Corrections may move for dismissal from this action.

**IT IS THEREFORE ORDERED:**

(1) The Clerk of the Court shall issue summons and a copy of the Complaint, along with this Order, to be served on the Kansas Department of Corrections, pursuant to Rule 4(j) of the Federal Rules of Civil Procedure, and shall prepare waiver of service forms for the remaining defendants, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, all to be served at no cost to Plaintiff absent a finding by the Court that Plaintiff is able to pay such costs.

(2) The report required herein shall be filed no later than sixty (60) days from the date of this order, and Defendants' answers shall be filed within twenty (20) days following receipt of that report by counsel for Defendants or as set forth in the waiver of service, whichever is later.

(3) Officials responsible for the operation of the Lansing Correctional Facility are directed to undertake a review of the subject matter of the complaint:

　　　　a.　To ascertain the facts and circumstances;

　　　　b.　To consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint; and

c.   To  determine  whether  other  like  complaints, whether pending in this Court or elsewhere, are related to this complaint and should be considered together.

(4)  Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendants' answers or responses to the complaint.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings of the incident underlying Plaintiff's claims shall also be included.

(5)  Authorization is granted to the officials of the Lansing Correctional Facility to interview all witnesses having knowledge of the facts, including the plaintiff.

(6)  No answer or motion addressed to the complaint shall be filed until the *Martinez* report required herein has been prepared.

(7)  Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answers or responses to the complaint and the report ordered herein.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** Plaintiff's motion for issuance of summons and waiver of service (Doc. #11) is denied as moot.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:  This 13th day of July, 2017, at Kansas City, Kansas.

s/ David J. Waxse

**DAVID J. WAXSE**
**U.S. Magistrate Judge**